THOMAS F. MANVILLE, JR., Plaintiff, *v.* LORRAINE M. DRESSEL-HUYS et al., Defendants.

Supreme Court, Special Term, New York County, June 24, 1943.

*Hartman, Sheridan & Tekulsky* for plaintiff.

*Marshall, Bratter & Seligson* for Lorraine M. Dresselhuys and another, defendants.

*Finch & Schaefler* for The Fifth Avenue Bank of New York, defendant.

CHURCH, J. Motion to dismiss each of the two alleged causes of action is granted. In this case the plaintiff, the donee of a general power of appointment under a trust created by his father's will, delivered to the trustee thereunder a sealed, duly acknowledged, and in terms expressly irrevocable, renunciation and release of his right to appoint. The will was probated in 1924; the renunciation was executed November 20, 1942, and delivered November 30, 1942. The release was timely to exclude the trust property from the provisions of the Federal Estate Tax of the Internal Revenue Code [U. S. Code, tit. 26, § 811, subd. (f), as amd. 1942], which otherwise would have included such trust property in the gross taxable estate of the donee. About four months after the plaintiff had delivered

the renunciation and release to the trustee, he executed and filed with the trustee a sealed and duly acknowledged instrument purporting to cancel and revoke his previous renunciation. This the trustee refused to recognize.

The plaintiff now demands judgment declaring his renunciation void.

In his first cause of action, he recites the execution and delivery of the two conflicting instruments and states that by reason of the second instrument the first was rendered null and void. His argument, in substance, is that he has a continuing and ambulatory right to renounce, and then to revoke such renunciation, until his death, and that in any event there must be consideration for his renunciation. With neither of these contentions does the court agree. The first cause of action must be dismissed.

The second cause of action sounds in fraud against the plaintiff's sister upon the ground that she, as one who would take in default of exercise of the power of appointment, induced him by fraudulent misrepresentations to sign the renunciation. This cause of action is clearly defective, since no facts in support of the conclusions pleaded are set forth, and is dismissed with leave to the plaintiff, if so advised, to serve an amended complaint thereon within ten days after service of a copy of this order, with notice of entry.